UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-80811-CIV-ZLOCH/SNOW

C.M.A.

      PLAINTIFF

vs.

JEFFREY EPSTEIN and
SARAH KELLEN

      DEFENDANTS
_____/

## **MEMORANDUM IN OPPOSITION TO STAY**

C.M.A. filed a suit against Jeffrey Epstein in the 15th Judicial Circuit Court of Palm Beach County, alleging that — although she was an adult at the time she filed the suit —  he had sexually molested C.M.A. when she was a minor.

This case was removed by the defendant Epstein.  The time for filing a motion to remand has not expired, and the plaintiff intends to exercise her right to file such a motion to remand.

However, the plaintiff has been provided with a copy of a Motion to Stay these proceedings. The docket sheet does not reflect that the Motion to Stay was filed, but it does show that certain documents were filed under seal.

In an abundance of caution – and with no intention of waiving her right to

timely file a motion for remand – the undersigned is acting on the assumption that the Motion to Stay is one of those documents filed under seal, and is timely responding with this memorandum in opposition, and also with a separate motion to reassign this case to Judge Marra.

The defendant Epstein asserts alternative theories with respect to a stay. One is that a stay is mandated by a federal statute. The other is that this court should exercise its discretionary power to stay this case.

The motion is defective because the plea agreement which is the basis of Motion to Stay is not contained in any attachments to the motion.  The Motion refers to an Exhibit A as "the Agreement."

The undersigned has been provided with a copy of an Exhibit A for the Motion to Stay. However, that Exhibit does not contain "the Agreement." Instead, it contains copies of: 1) an affidavit from a prosecutor about the reasons for the deal, and the difficulties encountered in arriving at the deal; 2) a letter dated January 10, 2008 to an individual with initials CW; 3) a letter dated January 10, 2008 to attorney James Eisenberg; 4) a letter dated May 30, 2008 to an individual whose initials are not clearly legible to the undersigned; 5) a letter dated July 9, 2008 to attorney Brad Edwards; and 6) a letter dated July 9, 2008 to attorney Brad Edwards.

2

Without "the Agreement" the plaintiff C.M.A. is forced to accept defendant Epstein's interpretations and characterizations of the various conditions, stipulations and exceptions, of "the Agreement" without having the chance to examine them and/or disagree with the statements.

The plaintiff respectfully submits that this is an obvious denial of due process, and the Motion should be denied on that basis alone.

Additionally, the plaintiff respectfully points out to this court that there are five other civil cases presently pending in the Southern District of Florida against the same defendant Epstein. All of them were filed in 2008. These are:

> Jane Doe # 2  v. Epstein [9:08cv80119 KAM]
>
> Jane Doe # 3 v. Epstein [9:08cv80232 KAM]
>
> Jane Doe # 4 v. Epstein [9:08cv 80381 KAM]
>
> Jane Doe # 5 v. Epstein [9:08cv8084 KAM]
>
> Doe  v  Epstein ............ [9:08cv8084 KAM]

The plaintiff CMA will refer to these cases as "the other pending Southern District cases against Epstein" and respectfully requests this court to take judicial notice of the pleadings, motions, and orders in those cases. *See, Global Network Communications Inc. v. City of New York, et al. 458 F. 3 $^{d}$ 150 (2d Cir. 2006).*

As is evident from the complaints in the above cases, all of the other pending Southern District cases against Epstein also involve allegations of the molestation of minor females by the defendant Epstein.

The defendant Epstein has filed similar Motions to Stay in the other pending Southern District cases against Epstein.

On August 5, 2008, Judge Marra entered orders denying Epstein's motions to stay in the other pending Southern District cases against Epstein. His orders can be found at docket entries:  # 33 of 9:08cv80119 KAM; # 29 of 9:08cv80232 KAM; # 39 of 9:08cv 80381 KAM; and # 37 of 9:08cv8084 KAM.

In the interest of brevity, the plaintiff incorporates into this memorandum the rationale and reasons given by Judge Marra in those orders.

Judge Marra's orders alone should be sufficient justification to deny the Motion to Stay in this case. However, in an abundance of caution, the undersigned will address the issues raised.

In addition, Judge Marra has ordered certain documents unsealed. At the moment of this writing, the undersigned is not sure what those documents were, but states to the court that he has not yet seen any documents which should be required to be sealed, and asks for an order accordingly.

## <u>MANDATORY STAY</u>

According to the very Exhibit A which was attached to the undersigned's copy of the Motion to Stay, on June 30, 2008 in *State of Florida* v. *Jeffrey Epstein,* Case No. 2006 CF 09454 AXXMB (Fifteenth Judicial Circuit, Palm Beach County), defendant  Epstein entered a plea of guilty to violations of Florida Statute §796.07 (felony solicitation of prostitution) and §796.03 (procurement of minors to engage in prostitution) in the state criminal action. (See copy of letter to attorney Brad Edwards dated July 9, 2008, which is part of "Exhibit A" )

According to that same Exhibit A, Jeffrey Epstein is an admitted sex offender, and was sentenced to a term of imprisonment followed by community control and sex offender registration.

The terms of the federal agreement are described in general terms in the notice letters to the individuals which were a part of the copy of the Exhibit A furnished to the undersigned. Accordingly, as represented in Defendant's own apparent filing, Epstein is not under indictment and the grand jury is not active in his case.

There is simply no pending criminal action, a necessary prerequisite for a stay under 28 U.S.C. §3509(k), and Judge Marra so found.

As the movant, it is the Defendant's burden to demonstrate that the requirements for a stay have been met. He has not met this burden.

18 U.S.C. §3509(k) states as follows:

> Stay of civil action. -- If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, **a criminal action is pending which arises out of the same occurrence and in which the child is the victim**, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.  (emphasis added).

A threshold inquiry in determining whether to invoke the stay provision of 18 U.S.C. §3509(k) is whether the plaintiff in a civil action is also the victim of a "criminal action ...*pending* which arises out of the same occurrence and in which the child is the victim …." (Emphasis supplied).

Given Jeffrey Epstein's plea of guilty to the criminal charges in the state case and the Agreement entered into with the U.S. Attorney, his argument that a stay of this lawsuit should be granted because of pending criminal charges appears at this point to be specious.

There is no indication in the statutory language or elsewhere that 18 U.S.C. §3509(k) can be applicable in a situation, such as here, where there is an agreement concerning federal crimes but there has been no indictment.

The notice letters attached in Exhibit "A" further sets forth one of the conditions imposed by Mr. Epstein's Agreement with the U.S. Attorney, as follows:

"Any person, who while a minor, was a victim of a violation
of an offense enumerated in Title 18, United States Code,
Section 2255, will have the same rights to proceed under
Section 2255 as she would have had, if Mr. Epstein had been
tried federally and convicted of an enumerated offense."

Thus, not only is a necessary prerequisite for a statutory stay missing in that no
criminal case is pending, but a stay under 28 U.S.C. §3509(k) would be inconsistent
with Mr. Epstein's *apparent* Agreement with the U.S. Attorney, which contemplates
civil claims by victims pursuant to federal law. Defendant Epstein apparently contends
that a stay should nonetheless apply for months and months, preventing for this
extended period the civil litigation of this claim, to see if Mr. Epstein complies with
his Agreement.

It cannot be seriously argued in the circumstances of this case that a stay under
28 U.S.C. §3509(k) is mandated because there is a "pending" federal criminal action.

Even if there were a criminal case pending — which there is not — 18 U.S.C.
§3509(k) would not apply to the claim of a child victim who is an adult at the time the
lawsuit was filed.

This Statute obviously applies to situations in which a child who has been the
victim of sexual abuse is the plaintiff in a civil lawsuit at the same time that the child
is a victim in a criminal proceeding arising out of the same occurrence.

That is not the case here. The Plaintiff is an adult and was an adult at the time she filed this civil lawsuit. Defendant misinterprets 18 U.S.C. §3509(k) to suggest that the Statute also applies in instances where an adult plaintiff in the civil lawsuit was a victim of sexual abuse during childhood.

A careful reading of the definitions section of 18 U.S.C. §3509 reveals that Defendant's interpretation is incorrect. 18 U.S.C. §3509(2) defines as a "child" as "a person who *is* under the age of 18." Thus, the term "child" is limited for purposes of 18 U.S.C. §3509 to a person who is *currently* under the age of 18. While the statute could have been written to say "a person who *is* under the age of 18 or was under the age of 18 at the time of the abuse", it does not.

The statute is designed to protect children who are involved in legal proceedings arising from physical, sexual, or mental abuse. For instance, 18 U.S.C. §3509 provides protections for persons under the age of 18, including alternatives to live in-court testimony, competency examinations, psychological examinations, privacy issues, filing under seal, closing the courtroom, the handling of videotaped testimony, adult attendants, speedy trials, the use of guardians ad litem and testimonial aids.

Each of these protections is only implicated when the victim "*is* under the age of 18." See 18 U.S.C. §3509(a)(2). In the context of a civil lawsuit, a child similarly

needs protection from the possibility of concurrent proceedings involving deposition or trial testimony, psychological examinations, and competency examinations. Moreover, the use of a stay of a civil lawsuit involving a child-plaintiff may be particularly warranted in circumstances where the child may not have had made the decision
to file the lawsuit in the first instance. Thus, the law protects the children from multiple concurrent proceedings.

These concerns do not exist to the same degree when a competent adult such as the Plaintiff elects to file suit on her own behalf. Yet, the Defendant seeks to carve out an exception where none exists by arguing that the "Stay of Civil Action" provision in subsection (k) must be applied to victims who are 18 or older who were under the age of 18 at the time of their abuse. This argument is unsupported by the statute or its underlying policies.

The ***unpublished***, trial court decisions of Doe v. Francis, 2005 WL 517487 (N.D. Fla. Apr. 20, 2005) *(Francis I)* and Doe v. Francis, 2005 WL 950623 (N.D. Fla. Apr. 20, 2005) *(Francis II)* are readily distinguishable. The Plaintiffs in *Francis I* and *Francis II* "offered no legal authority or evidence to support their argument that the stay should be lifted." *Francis II,* at * 1.

By contrast, in this case, the Plaintiff has cited the definition of "child" found in

18 U.S.C. §3509(a)(2), and has also cited the authority of the orders of Judge Marra in the other pending Southern District cases against Epstein.

The *Francis* cases also involved seven plaintiffs, three of whom were victims in the criminal case. That is not the case here where the only plaintiff in this lawsuit is not a victim in a pending criminal case.

Additionally, the stay in the *Francis* cases was imposed before the plaintiffs reached the age of majority. Here, the civil lawsuit was not even filed until after the plaintiff reached the age of majority.

Finally, the plaintiff contends that the interpretation of the statute urged by the defendant Epstein would be an unconstitutional denial of access to the courts

## DISCRETIONARY STAY

Defendant Epstein argues that he is entitled to a discretionary stay because of the difficult situation he will be in if he is forced to defend himself in this civil proceeding.

Judge Marra denied a discretionary stay in the other pending Southern District cases against Epstein, not only because it was not raised until the reply

brief, but also because there was no need for one.

If Epstein has a predicament – and Judge Marra did not agree that one exists – then it is Epstein who *created* the situation.  As Epstein admits in his Motion to Stay, Epstein *agreed* to the deal with the federal authorities, and should therefore not be allowed to use it to postpone his liability in this case.

As is stated in the letter of the federal prosecutor which is found in the apparent Exhibit A, one of the main purposes of the deal was to assist the victims, not the defendant Epstein.

In addition, the defendant Epstein will not be prejudiced by a denial of a discretionary stay in this particular case, because all of the other pending Southern District cases against Epstein will be proceeding.

To the contrary, it will be the plaintiff C.M.A. that will be prejudiced, because all of those other plaintiffs will be allowed to proceed with discovery, trial, and judgment, while her case is frozen.

## CONCLUSION

For all of the above reasons, this action should not be stayed.


Dated: August 7, 2008
Respectfully submitted,
By:    s/Richard H. Willits

11

Richard H. Willits (FL Bar No. 139888) reelrhw@hotmail.com
RICHARD H. WILLITS, P.A.   Attorney for Plaintiff C.M.A.
2290 10th Ave. North, Suite 404  Tel: 561-582-7600   Fax: 561-582-7600

**CERTIFICATE OF COMPLIANCE WITH  LOCAL RULE 7.1**

I hereby certify that I conferred with opposing counsel by telephone on August 7, 2008 concerning a good faith effort to resolve the Motion to Stay, and was told that, in spite of Judge Marra's orders, Epstein would not withdraw this motion.

s/Richard H. Willits


**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF,* I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Richard H. Willits


SERVICE LIST

Michael Tein, Esq. – tein@lewistein.com

Jack Goldberger, Esq. – jgoldberger@agwpa.com

Bruce Reinhart, Esq. – Breinhart@brucereinhartlaw.com