UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80811-CIV-MARRA/JOHNSON

C.M.A.,

   Plaintiff(s),

vs.

JEFFREY EPSTEIN and SARAH
KELLEN,

   Defendant(s).

_____/

## FIRST AMENDED COMPLAINT

### Parties, Jurisdiction and Venue

COMES NOW the Plaintiff, C.M.A., and brings this First Amended Complaint against the Defendants, JEFFREY EPSTEIN and SARAH KELLEN, and states as follows:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. This Complaint is brought under a fictitious name in order to protect the identity of the Plaintiff, C.M.A., because this Complaint makes allegation of sexual assault and child abuse of a then minor.

3. At all times material to this cause of action, the Plaintiff, C.M.A., was a resident of Palm Beach County, Florida.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

4.      At all times material to this cause of action, the Defendant, JEFFREY EPSTEIN, had a residence located in Palm Beach County, Florida.

5.      At all times material to this cause of action, the Defendant, JEFFREY EPSTEIN, was an adult male, born in 1953.

6.      This Court has jurisdiction of this action and the claim set forth herein pursuant to 18 U.S.C. §2255.

7.      This Court has venue of this action pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

8.      At all times material, the Defendant, JEFFREY EPSTEIN, owed a duty unto Plaintiff, C.M.A., to treat her in a non-negligent manner and to not commit intentional or tortious illegal acts against her.

### Factual Allegations

9.      Upon information and belief, the Defendant, JEFFREY EPSTEIN, has demonstrated a sexual preference and obsession for minor girls.  He engaged in a plan, scheme, and enterprise in which he gained access to economically disadvantaged minor girls, such as Plaintiff, C.M.A., sexually assaulted these girls, and/or coerced them to engage in prostitution, and in return gave these girls money.

10.     The Defendant's plan, scheme and enterprise included an elaborate system wherein the then minor Plaintiff and other minor girls were brought to the

2

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

Defendant, JEFFREY EPSTEIN'S, residence by the Defendant's employees and assistants. When the employees and assistants left the then minor Plaintiff and other minor girls alone in a room at the Defendant's mansion, the Defendant, JEFFREY EPSTEIN, himself would appear, remove his clothing, and direct the then minor Plaintiff to remove her clothing. He would then perform one or more lewd, lascivious, and sexual acts, including, but not limited to, masturbation, touching of the then minor Plaintiff's breasts and buttock, and solicitation and enticement of the then minor Plaintiff to engage in sexual acts with another female in JEFFREY EPSTEIN'S presence.

11.     The Plaintiff, C.M.A., was the first brought to the Defendant, JEFFREY EPSTEIN'S, mansion in late May or early June of 2002, when she was fifteen-years old and in middle school.

12.     The Defendant, JEFFREY EPSTEIN, a wealthy financier with a lavish home, significant wealth, a network of assistants and employees, used his resources and his influence over a vulnerable minor child to engage in a systematic pattern of sexually exploitive behavior.

13.     Beginning in approximately late May or early June of 2002, and continuing until approximately August of 2003, the Defendant coerced and enticed the impressionable, vulnerable, and economically deprived then minor Plaintiff to commit various acts of sexual misconduct. These acts occurred, on average, one to three times per week from late May or early June of 2002 until August of 2003. At a bare minimum,

3

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

these acts occurred twice a month from June 2002 until August of 2003. While the precise dates these acts occurred are unknown to Plaintiff, including those weeks in which no acts occurred, these dates are known by Defendant, JEFFREY EPSTEIN, as he is reported to have kept a written log of each and every instance in which he engaged in these illegal acts with the then minor Plaintiff, C.M.A. and others. These acts included, but were not limited to, fondling and inappropriate and illegal sexual touching of the then minor Plaintiff, sexual misconduct and masturbation of the Defendant, JEFFREY EPSTEIN, in the presence of the then minor Plaintiff, soliciting and enticing the then minor Plaintiff to engage in sexual acts with another female in JEFFREY EPSTEIN'S presence, and encouraging the then minor Plaintiff to become involved in prostitution; Defendant, JEFFREY EPSTEIN, committed numerous criminal sexual offenses against the then minor Plaintiff including, but not limited to, sexual battery, solicitation of prostitution, procurement of a minor for the purpose of prostitution, and lewd and lascivious assaults upon the person of the then minor Plaintiff.

14. Defendant, JEFFREY EPSTEIN, used his money, wealth and power to unduly and improperly manipulate and influence the then minor Plaintiff.

15. The acts referenced in paragraphs 9 through 14, committed by Defendant, JEFFREY EPSTEIN, against the then minor Plaintiff, C.M.A., were committed in violation of numerous criminal State and Federal statutes condemning the sexual

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

exploitation of minor children, prostitution, sexual performance by a child, lewd and lascivious assaults, sexual battery, contributing the delinquency of a minor and other crimes, specifically including, but not limited to, those crimes designated in 18 USC §2241, §2242, §2243, §2421, and §2423, criminal offenses outlined in Chapter 800 of the Federal Codes, as well as those designated in Florida Statutes §796.03, §796.07, §796.045, §796.04, §39.01; and §827.04.

16.     The above-described acts took place in Palm Beach County, Florida, at the residence of the Defendant, JEFFREY EPSTEIN. Any assertions by the Defendant, JEFFREY EPSTEIN, that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provisions of applicable Florida Statutes concerning the sexual exploitation and abuse of a minor child. The Defendant, JEFFREY EPSTEIN, at all times material to this cause of action, knew and should have known of the Plaintiff, C.M.A.'s minority.

17.     In June 2008, in the Fifteenth Judicial Circuit in Palm Beach County, Florida, the Defendant, JEFFREY EPSTEIN, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purpose of prostitution.

18.     As a condition of that plea, and in exchange for the Federal Government not prosecuting the Defendant, JEFFREY EPSTEIN, for numerous federal offenses, Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the

5

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.   For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less".

19.    The Defendant, JEFFREY EPSTEIN, is thus estopped by his plea and agreement with the Federal Government from denying the acts alleged in this Complaint, and must effectively admit liability to the Plaintiff, C.M.A.

## COUNT I

## Cause of Action Pursuant to 18 USC §2255

## May/June 2002

20.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

21.    In late May or early June of 2002, C.M.A. was first introduced to Defendant, JEFFREY EPSTEIN.   C.M.A. was brought to JEFFREY EPSTEIN'S residence by a female friend of hers.  C.M.A. sat on the couch while the female friend took off her own clothes, mounted JEFFREY EPSTEIN who was wearing only a towel and lying on a table, and performed a sexual act upon JEFFREY EPSTEIN in the presence of C.M.A.  In exchange for her participation as an observer of JEFFREY EPSTEIN'S lewd and lascivious conduct, C.M.A. was paid $300 by JEFFREY EPSTEIN.

22.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in

7

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

23.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

24.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

25.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A.,

8

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT II

### Cause of Action Pursuant to 18 USC §2255

### June 2002- Incident 2

26. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

27. Approximately one week after the first incident, C.M.A. received a telephone call from JEFFREY EPSTEIN requesting that she return to his residence. On this occasion, JEFFREY EPSTEIN directed C.M.A to undress to her brassiere and underwear and to provide him with a massage. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. $300 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

28.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and

in exchange for the Federal Government not prosecuting the Defendant for numerous

federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an

agreement with the Federal Government to the following:  "Any person, who while a

minor, was a victim of an offense enumerated in Title 18, United States Code, Section

2255, will have the same rights to proceed under section 2255 as she would have had,

if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For

purposes of implementing this paragraph, the United States shall provide Mr. Epstein's

attorneys with a list of individuals whom it was prepared to name in an indictment as

victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this

provision, including any authority determining evidentiary burdens if any a Plaintiff must

meet, shall consider that it is the intent of the parties to place these identified victims in

the same position as they would have been had Mr. Epstein been convicted at trial.  No

more; no less."

29.     The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in

Title 18, United States Code, Section 2255, and as such asserts a cause of action

against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United

States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the

United States Government.

10

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

30.     Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

31.     As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT III

### Cause of Action Pursuant to 18 USC §2255

### July, 2002 – Incident 1

32.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

33.    In July of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to undress to her underwear and to provide him with a massage.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

34.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For

12

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

35.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

36.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

37.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IV

### Cause of Action Pursuant to 18 USC §2255

### July 2002 – Incident 2

14

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

38.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

39.     For the second time in July of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

40.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

41.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

42.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

43.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A.,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT V

### Cause of Action Pursuant to 18 USC §2255

### August of 2002 – Incident 1

44.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

45.     In August of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

17

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

46.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

47.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

48.     Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

49.     As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT VI

### Cause of Action Pursuant to 18 USC §2255

### August of 2002 – Incident 2

50.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

51.     For the second time in August of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

52.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

20

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

53.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

54.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

55.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT VII

### Cause of Action Pursuant to 18 USC §2255

### September of 2002 – Incident 1

56.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

22

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

57.    In September of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

58.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

59.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in
Title 18, United States Code, Section 2255, and as such asserts a cause of action
against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United
States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the
United States Government.

60.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the
same position as if he had been tried and convicted of the sexual offenses committed
against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the
Plaintiff, C.M.A.

61.    As a direct and proximate result of the offenses enumerated in Title 18,
United States Code, Section 2255, being committed against the then minor Plaintiff,
C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and
suffering, emotional distress, psychological trauma, mental anguish, humiliation,
embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other
damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and
coercing her into a perverse and unconventional way of life for a minor.  The then minor
Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in
the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A.,
has suffered a loss of income, a loss of the capacity to earn income in the future, and a

24

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT VIII

## Cause of Action Pursuant to 18 USC §2255

## September of 2002 – Incident 2

62.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

63.    For the second time in September of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

64.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

65.     The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

26

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

66. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

67. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IX

### Cause of Action Pursuant to 18 USC §2255

### October of 2002 – Incident 1

68.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

69.     In October of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

70.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

71.     The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

72.     Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

73.     As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT X

### Cause of Action Pursuant to 18 USC §2255

### October of 2002 – Incident 2

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

74.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

75.     For the second time in October of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

76.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in

31

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

the same position as they would have been had Mr. Epstein been convicted at trial.  No

more; no less."

77.     The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in

Title 18, United States Code, Section 2255, and as such asserts a cause of action

against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United

States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the

United States Government.

78.     Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the

same position as if he had been tried and convicted of the sexual offenses committed

against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the

Plaintiff, C.M.A.

79.     As a direct and proximate result of the offenses enumerated in Title 18,

United States Code, Section 2255, being committed against the then minor Plaintiff,

C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

suffering, emotional distress, psychological trauma, mental anguish, humiliation,

embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other

damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and

coercing her into a perverse and unconventional way of life for a minor.  The then minor

Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in

the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A.,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XI

## Cause of Action Pursuant to 18 USC §2255

## November of 2002 – Incident 1

80.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

81.    In November of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

33

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

82.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and

in exchange for the Federal Government not prosecuting the Defendant for numerous

federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an

agreement with the Federal Government to the following:  "Any person, who while a

minor, was a victim of an offense enumerated in Title 18, United States Code, Section

2255, will have the same rights to proceed under section 2255 as she would have had,

if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For

purposes of implementing this paragraph, the United States shall provide Mr. Epstein's

attorneys with a list of individuals whom it was prepared to name in an indictment as

victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this

provision, including any authority determining evidentiary burdens if any a Plaintiff must

meet, shall consider that it is the intent of the parties to place these identified victims in

the same position as they would have been had Mr. Epstein been convicted at trial.  No

more; no less."

83.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in

Title 18, United States Code, Section 2255, and as such asserts a cause of action

against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United

States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the

United States Government.

34

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

84. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

85. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XII

### Cause of Action Pursuant to 18 USC §2255

### November of 2002 – Incident 2

86.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

87.     For the second time in November of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

88.     As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:   "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For

purposes of implementing this paragraph, the United States shall provide Mr. Epstein's

attorneys with a list of individuals whom it was prepared to name in an indictment as

victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this

provision, including any authority determining evidentiary burdens if any a Plaintiff must

meet, shall consider that it is the intent of the parties to place these identified victims in

the same position as they would have been had Mr. Epstein been convicted at trial. No

more; no less."

89.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in

Title 18, United States Code, Section 2255, and as such asserts a cause of action

against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United

States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the

United States Government.

90.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the

same position as if he had been tried and convicted of the sexual offenses committed

against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the

Plaintiff, C.M.A.

91.    As a direct and proximate result of the offenses enumerated in Title 18,

United States Code, Section 2255, being committed against the then minor Plaintiff,

C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XIII

### Cause of Action Pursuant to 18 USC §2255

### December of 2002 – Incident 1

92.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

38

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

93.    In December of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

94.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

95.     The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

96.     Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

97.     As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XIV

### Cause of Action Pursuant to 18 USC §2255

### December of 2002 – Incident 2

98.     The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

99.     For the second time in December of 2002, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

100.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

101.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

102. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

103. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XV

## Cause of Action Pursuant to 18 USC §2255

### January of 2003 – Incident 1

104.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

105.   In January of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

106.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

107.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

108.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

109.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XVI

### Cause of Action Pursuant to 18 USC §2255

### January of 2003 – Incident 2

110. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

111.   For the second time in January of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

112.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

47

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

113.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

114.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

115.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XVII

### Cause of Action Pursuant to 18 USC §2255

### February of 2003 – Incident 1

116. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

117. In February of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

49

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

118.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

119.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

120.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

121.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XVIII

### Cause of Action Pursuant to 18 USC §2255

### February of 2003 – Incident 2

122.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

123.    For the second time in February of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

124.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

125. The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

126. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

127. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT XIX

### Cause of Action Pursuant to 18 USC §2255

### March of 2003 – Incident 1

128.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

54

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

129.   In March of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

130.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

55

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

131.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

132.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

133.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XX

### Cause of Action Pursuant to 18 USC §2255

### March of 2003 – Incident 2

134. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

135. For the second time in March of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

136.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

137.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

138.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

139.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXI

## Cause of Action Pursuant to 18 USC §2255

## April of 2003 – Incident 1

140.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

141.   In April of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

142.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

143.  The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

144.  Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

145.  As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXII

### Cause of Action Pursuant to 18 USC §2255

### April of 2003 – Incident 2

146.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

147. For the second time in April of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request. On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage. Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A. At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

148. As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

149.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

150.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

151.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXIII

### Cause of Action Pursuant to 18 USC §2255

### May of 2003 – Incident 1

152.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

153.   In May of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.   On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.   At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.   JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

65

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

154.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

155.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

156.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

157.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXIV

### Cause of Action Pursuant to 18 USC §2255

### May of 2003 – Incident 2

158.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

159.   For the second time in May of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

160.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

161. The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

162. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

163. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXV

### Cause of Action Pursuant to 18 USC §2255

### June of 2003 – Incident 1

164. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

165.   In June of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

166.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

71

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

167.    The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

168.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

169.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT XXVI**

**Cause of Action Pursuant to 18 USC §2255**

**June of 2003 – Incident 2**

170.    The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

171.    For the second time in June of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

172.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

173.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

74

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

174.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

175.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXVII

### Cause of Action Pursuant to 18 USC §2255

### July of 2003 – Incident 1

176.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

177.   In July of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

178.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For

purposes of implementing this paragraph, the United States shall provide Mr. Epstein's

attorneys with a list of individuals whom it was prepared to name in an indictment as

victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this

provision, including any authority determining evidentiary burdens if any a Plaintiff must

meet, shall consider that it is the intent of the parties to place these identified victims in

the same position as they would have been had Mr. Epstein been convicted at trial.  No

more; no less."

179.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in

Title 18, United States Code, Section 2255, and as such asserts a cause of action

against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United

States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the

United States Government.

180.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the

same position as if he had been tried and convicted of the sexual offenses committed

against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the

Plaintiff, C.M.A.

181.   As a direct and proximate result of the offenses enumerated in Title 18,

United States Code, Section 2255, being committed against the then minor Plaintiff,

C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXVIII

### Cause of Action Pursuant to 18 USC §2255

### July of 2003 – Incident 2

182. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

78

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

183.    For the second time in July of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence. JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

184.    As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

185.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

186.   Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

187.   As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

loss of the capacity to enjoy life.  These injuries are permanent in nature and the

Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant,

JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount

provided by law, punitive damages, attorney's fees, costs, and such other and further

relief as this Court deems just and proper, and hereby demands trial by jury on all

issues triable as of right by a jury.

## COUNT XXIX

### Cause of Action Pursuant to 18 USC §2255

### August of 2003 – Incident 1

188.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19

above.

189.   In August of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S

residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully

undress and to provide him with a massage.  Defendant, JEFFREY EPSTEIN, fondled

the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage,

JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN

paid C.M.A. in excess of $200 for this encounter.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

190.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

191.   The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

192.    Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

193.    As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXX

## Cause of Action Pursuant to 18 USC §2255

## August of 2003 – Incident 2

194.   The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 19 above.

195.   For the second time in August of 2003, C.M.A. again returned to JEFFREY EPSTEIN'S residence at his request.  On this occasion, JEFFREY EPSTEIN directed C.M.A to fully undress and to provide him with a massage.   Defendant, JEFFREY EPSTEIN, fondled the breasts and buttocks of the then minor C.M.A.  At the conclusion of the massage, JEFFREY EPSTEIN masturbated himself in C.M.A.'s presence.  JEFFREY EPSTEIN paid C.M.A. in excess of $200 for this encounter.

196.   As a condition of the Defendant, JEFFREY EPSTEIN's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, JEFFREY EPSTEIN, additionally entered into an agreement with the Federal Government to the following:  "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had,

84

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

197. The Plaintiff, C.M.A., was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, JEFFREY EPSTEIN, pursuant to this Section of the United States Code and the agreement between the Defendant, JEFFREY EPSTEIN, and the United States Government.

198. Pursuant to the agreement, the Defendant, JEFFREY EPSTEIN, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, C.M.A., and as such he must effectively admit liability unto the Plaintiff, C.M.A.

199. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, JEFFREY EPSTEIN, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses. The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXXI

### Sexual Battery

200. The Plaintiff, C.M.A., adopts and realleges paragraphs 1 through 199 above.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

201.   Between late May or early June of 2002 and August of 2003, Defendant, JEFFERY EPSTEIN, engaged in dozens of illegal and depraved sexual acts against Plaintiff, C.M.A.

202.   As described more fully in the above paragraphs, Defendant, JEFFERY EPSTEIN, intentionally inflicted harmful and/or offensive sexual contact on the person of C.M.A.

203.   Defendant, JEFFREY EPSTEIN'S, tortuous commission of sexual battery upon C.M.A. were done willfully and maliciously.

204.   As a direct and proximate result of JEFFREY EPSTEIN'S battery on C.M.A., she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, JEFFREY EPSTEIN, for compensatory damages of at least the minimum amount provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XXXII

### Conspiracy to Commit Tortious Assault Against Defendant, SARAH KELLEN

205.   Plaintiff incorporates into this count the allegations of paragraphs 1 through 19.

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

206.    Defendant, SARAH KELLEN, is one of Defendant, JEFFREY EPSTEIN'S,
employees/assistants referenced in paragraph 12 above.    Defendant, JEFFREY
EPSTEIN, Defendant, SARAH KELLEN, and others reached an agreement between
themselves for the purpose of allowing Defendant, JEFFREY EPSTEIN, to commit the
illegal acts described above upon Plaintiff, C.M.A.

207.    Many of the instances of illegal sexual conduct committed by Defendant,
JEFFREY EPSTEIN, described above were perpetrated with the assistance, support,
and facilitation by Defendant, SARAH KELLAN.  In fact, Defendant, SARAH KELLEN,
aided, assisted, and/or abetted Defendant, JEFFREY EPSTEIN, in his organized
scheme and plan to sexually assault, and/or coerce Plaintiff, C.M.A., to engage in
prostitution.

208.    Defendant, SARAH KELLEN, would often arrange times for C.M.A. to
come to Defendant, JEFFREY EPSTEIN'S, residence, would escort C.M.A. to the room
where Defendant, JEFFREY EPSTEIN, was waiting, would deliver cash from
Defendant, JEFFREY EPSTEIN, at the conclusion of a session, and took nude
photographs of Plaintiffs, C.M.A., for Defendant, JEFFREY EPSTEIN.

209.  As a direct and proximate result of Defendant, SARAH KELLEN's,
participation in the aforementioned conspiracy, Plaintiff, C.M.A, has suffered and will
continue to suffer damages, including, but not limited to, pain, suffering, emotional
distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint

self-esteem, loss of dignity, invasion of personal privacy and other damages associated with JEFFREY EPSTEIN'S controlling , manipulating, and coercing C.M.A. into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, C.M.A., will in the future suffer additional medical and psychological expenses.  The Plaintiff, C.M.A., has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, C.M.A., demands judgment against the Defendant, SARAH KELLEN, for compensatory damages of at least the minimum amount  provided by law, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of February, 2009, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record on the attached service list.

C.M.A. vs. Epstein, et al.
Case No.:  08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint
Page 90 of 91

/s/Jack P. Hill
Jack Scarola
Florida Bar No.:  169440
Jack P. Hill
Florida Bar No.:  0547808
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone:          (561) 686-6300
Fax:             (561) 383-9424
Attorneys for Plaintiff(s)

C.M.A. vs. Epstein, et al.
Case No.: 08-CV-80811-CIV-MARRA/JOHNSON
First Amended Complaint
Page 91 of 91

## COUNSEL LIST

Richard H. Willits, Esquire
Richard H. Willits, P.A.
2290 10th Avenue North, Suite 404
Lake Worth, FL  33461
Phone:        (561) 582-7600
Fax:          (561) 588-8819

Robert Critton, Esquire
Burman Critton Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL  33414
Phone:        (561) 842-2820
Fax:          (561) 844-6929

Jack A. Goldberger, Esquire
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South
West Palm Beach, FL  33401
Phone:        (561) 863-9100

Bruce E. Reinhart, Esquire
Bruce E. Reinhart, P.A.
250 South Australian Avenue
Suite 1400
West Palm Beach, FL  33401
Phone:        (561) 202-6360
Fax:          (561) 828-0983