## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-CIV-80811-MARRA/JOHNSON

C.M. A.,

                    Plaintiff,

v.

JEFFREY EPSTEIN and SARAH
KELLEN,

                    Defendants,
_____/

### DEFENDANT EPSTEIN'S MOTION TO COMPEL PLAINTIFF C.M.A. TO RESPOND TO DEFENDANT'S FIRST REQUEST TO PRODUCE AND ANSWER DEFENDANT'S FIRST SET OF INTERROGATORIES, AND TO OVERRULE OBJECTIONS, AND FOR AN AWARD OF DEFENDANT'S REASONABLE EXPENSES

Defendant, JEFFREY EPSTEIN, by and through his undersigned attorneys, moves this Court for an order compelling Plaintiff, C.M.A. to respond to Defendant's First Request To Produce and to answer Defendant's First Set of Interrogatories, and to overrule her objections asserted in Plaintiff's Response To Defendant's First Request To Produce, dated February 13, 2009, and in Plaintiff's Notice of Serving Answers To Interrogatories, dated February 18, 2009.  Defendant further seeks an award of his reasonable expenses, including expenses, associated with the making of this motion. Rule 37, Fed.R.Civ.P. (2008); Local Gen. Rules 7.1 and 26.1 H (S.D. Fla. 2008).  In support of his motion, Defendant states:

Prior to the filing of this motion, on April 1, 2009, Defendant's counsel communicated by telephone with Plaintiff's counsel in a good faith effort to resolve the discovery issues herein.  This motion addresses those discovery items which remain at

C.M.A. v. Epstein, et al.
Page 2

issue.   Also, rather than file 2 separate motions to compel, Defendant filed one

addressing the production requests and interrogatories because the discovery issues

overlap.

### Motion To Compel Responses to Production Requests Nos. 1, 2, 4, 5, and 19, and Answers to Interrogatories Nos. 2, 18, and 23.

### Production Request No. 1

1.     Individual and/or joint income tax returns and supporting documentation including W-2 and 1099 forms for 2002-2007 and, as well as all records or documentation relative to the Plaintiff's earnings for the current year.

**Response**:

Objection.  Irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible information.

### Legal Argument Supporting Entitlement to Discovery

Plaintiff's tax returns and supporting documentation are relevant to Plaintiff's

damages claims and, thus, discoverable.   Plaintiff's complaint alleges in part that

"beginning in approximately late May or early June of 2002, and continuing until

approximately August of 2003, the Defendant coerced and enticed the impressionable,

vulnerable, and economically deprived then minor Plaintiff to commit various acts of

sexual misconduct."   1st Am. Complaint, ¶13.   (Plaintiff also refused to answer

Interrogatory no. 2 which sought her employment history for the past ten years asserting

the same general objection).

Such information is both relevant and reasonably calculated to lead to the

discovery of admissible evidence.   It is well settled that relevant information is

discoverable, even if not admissible at trial, so long as the discovery is reasonably

calculated to lead to the discovery of admissible evidence.  Rule 26(b)(1), Fed.R.Civ.P.;

C.M.A. v. Epstein, et al.
Page 3

Donahay v. Palm Beach Tours & trans., Inc., 242 F.R.D. 685 (S.D. Fla. 2007). Discoverability of such information is governed by Rule 26, Fed.R.Civ.P., pursuant to which the scope of discovery is broad.  Donahay, supra, at 686, and cases cited therein. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action."  Id.

Plaintiff's tax returns, along with the requested supporting documentation, for the six year period, and documents relevant to her current earnings, are relevant to Plaintiff's damages claims detailed below herein.   Such information would show Plaintiff's employment and earning history, as well as provide evidence as to how Plaintiff has been able to function in her daily life before, during and after the alleged incidents.  Was she self-sufficient?  Was she able to get out of bed each morning and support herself?  What type of job did she hold?  One's ability to earn a living and be self-supporting has not only a financial component, but also an emotional/psychological/mental component.

C.M.A.'s First Amended Complaint[1] attempts to allege 32 counts. Counts I through XXX are purportedly brought pursuant to 18 U.S.C. §2255 – *Civil Remedies for Personal Injuries*; Count XXXI is entitled "Sexual Battery," and Count XXXII is entitled "Conspiracy to Commit Tortious Assault only against Defendant, Sarah Kellen."

In her answers to interrogatory nos. 9 and 10, which seek information about C.M.A.'s damages claims, Plaintiff answered that:

---

[1] Defendant's Motion To Dismiss directed to Plaintiff's First Amended Complaint is pending.

C.M.A. v. Epstein, et al.
Page 4

I have bi-polar disorder and manic depression.  I lost my self-esteem.  I began cutting myself on my arms and legs and developed drug problems.  Permanent injuries are psychological.  (Interrog. No. 9).

I am claiming compensation for mental anguish, mental pain, psychic trauma, and loss of enjoyment of life.  These damages will be evaluated by a jury who will provide their own methods of computation in an amount of at least the statutory minimum established by 18 U.S.C.A. §2255.  (Interrog. No. 10).

In her 1st Amended Complaint, relevant to her damages claims, Plaintiff alleges:

… C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages  … .  The then minor Plaintiff incurred medical and psychological expenses … and will in the future suffer additional medical and psychological expenses.  The Plaintiff C.M.A. has suffered loss of income, a loss of the capacity to earn income in the future, and a loss of capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

(1st Am. Complaint, Counts I – XXX (18 U.S.C. §2255), ¶¶25, 31, 37, 43, 49, 55, 61, 67, 73, 79, 85, 91, 97, 103, 109, 115, 121, 127, 133, 139, 145, 151, 157, 163, 169, 175, 181, 187, 193; Count XXXI (Sexual Battery), ¶199.)

In each of her "Wherefore" clauses, Plaintiff seeks "compensatory damages of at least the minimum provided by law."  18 U.S.C. §2255, pursuant to which Plaintiff attempts to bring certain of her claims, allows for recovery of "actual damages."  See fn. 2 herein for applicable statutory text.[2]

As discussed above, the tax returns, and supporting documentation, will provide direct evidence as to Plaintiff's claimed damages.  Such information does not only go to

---

(a)        [2] Any minor who is a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and **shall recover the actual damages such minor sustains** and the cost of the suit, including a reasonable attorney's fee. Any minor as described in the preceding sentence shall be deemed to have sustained damages of no less than $50,000 in value. [Emphasis added.]

C.M.A. v. Epstein, et al.
Page 5

compensatory or actual damages or loss of income/loss of capacity to earn income type

damages, but also her emotional/psychological/mental health type damages.   In the

telephone communication between counsel for the respective parties, Plaintiff's counsel

indicated that Plaintiff was not seeking loss of income/earning capacity type damages;

(Defendant is not aware that there has been any formal withdrawal of such damages

claimed); notwithstanding, the information sought is still relevant and discoverable

based on the additional damages claimed by Plaintiff.   The time period will allow

Defendant to compare how Plaintiff was doing in her life prior to, during, and after the

alleged incident.   Again, the type of jobs Plaintiff has been able to hold and her earnings

and ability to support herself clearly have not only a financial component, but an

emotional/psychological/mental health component as well.   Accordingly, Plaintiff's

objection is required to be overruled, and Defendant is entitled to the documents

requested.

### Production Request No. 2

2.      All bills/expenses from any medical doctor, chiropractor, psychologists,
psychiatrists, mental health counselors (including any members of the healing arts and
related fields, i.e. drugs, prescriptions, etc.) you claim you incurred as a result of the
injuries which are or may be the subject matter of this lawsuit

**Response:**

None in our possession.  These will be provided upon receipt.  Discovery is ongoing.

### Legal Argument Supporting Entitlement to Discovery

Plaintiff makes no objection to the documents requested, but has failed to

produce any documents responsive to this request.  Clearly, the documents are relevant

and discoverable as they go to proof of Plaintiff's claimed injuries.  In the April 1, 2009,

C.M.A. v. Epstein, et al.
Page 6

telephone communication Plaintiff's counsel indicated that Plaintiff was still not in possession of such documents.   The First Request for Production was served on Plaintiff on January 16, 2009.  In her answer to interrogatory no. 11, (Notice of Serving Answers, dated February 18, 2009, identifies a psychiatrist and a counselor/therapist from whom she claims she is receiving "treatment or examination for the injuries for which [she] seeks damages."   See **Exhibit A** hereto for copy C.M.A.'s answer to interrogatory no. 11.   Regarding the date of treatment from the psychiatrist – she asserts "I would defer to the Doctor's records."   She claims the treatment from the counselor/therapist has been "since high school" and "ongoing."  Defendant is entitled to the documents sought and Plaintiff is in control of and has the ability to obtain the requested medical bills and expenses she claims were incurred as result of her injuries claimed in this action.  Plaintiff should be required to immediately produce the requested documents to Defendant.

### Production Request No. 4

4.      All reports, evaluations, recommendations and/or analysis submitted by any expert which relate to or cover the incident which is the subject matter of this lawsuit and/or any injuries, damages or losses you allege were caused by the incident.

**Response:**

Any reports generated by any retained experts not yet disclosed are protected by the work product privilege.  Notwithstanding same, none.

### Legal Argument Supporting Entitlement to Discovery

Plaintiff, through counsel, in the April 1, 2009, telephone communication, indicated that she does not have any responsive documents and stands by her objection.  Rule 26 provides in relevant part –

C.M.A. v. Epstein, et al.
Page 7

**2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--**if the witness is one retained or specially employed to provide expert testimony in the case** or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii) the data or other information considered by the witness in forming them;**

**(iii) any exhibits that will be used to summarize or support them;**

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

       *      *      *      *      *      *      *      *      *      *

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

C.M.A. v. Epstein, et al.
Page 8

information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2) *Expert Witness.*** For an expert whose report must be disclosed under Rule 26(a)(2)(B), **the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition**. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Accordingly, Defendant requests that should Plaintiff be in possession of any such reports, evaluations, recommendations and/or analysis prepared by an expert expected to testify at trial or deposition, or to be used by an expert expected to testify at trial or deposition, that such documents be produced as required by Rule 26, Fed.R.Civ.P. quoted above.

### Production Request No. 5

5.      All medical reports and/or records from doctors, physicians, (including psychologists, psychiatrists, mental health counselors), hospitals, drug or alcohol facilities or any other person or entity who has rendered treatment to or examined you for any reason after the incident(s) which is the subject matter of this lawsuit.

**Response:**

None in our possession.  Discovery is ongoing.

### Legal Argument Supporting Entitlement to Discovery

Once again, Plaintiff should be required to immediately produce the requested documents.  In support of ordering immediate production, Defendant realleges and incorporates his "Legal Argument Supporting Entitlement To Discovery" to request no. 5 above herein.

C.M.A. v. Epstein, et al.
Page 9

<u>**Interrogatory No. 2**</u>

2.      List the names, business addresses, telephone and cell phone numbers, dates of employment, immediate supervisor (name and address) and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years; this includes listing all sources of income you have received.  Answer this question by year, i.e. 1998 – 2009.

**Answer:**

Objection.  Irrelevant, immaterial and not reasonably calculated to lead to discovery of admissible evidence.

<u>**Legal Argument Supporting Entitlement to Discovery**</u>

Such information is clearly relevant to the damages and injuries claimed by Plaintiff in this action.   Plaintiff's complaint alleges in part that "beginning in approximately late May or early June of 2002, and continuing until approximately August of 2003, the Defendant coerced and enticed the impressionable, vulnerable, and economically deprived then minor Plaintiff to commit various acts of sexual misconduct." 1st Am. Complaint, ¶13.  (See discussion of Production Request no. 1 above herein).

Such information is both relevant and reasonably calculated to lead to the discovery of admissible evidence.   It is well settled that relevant information is discoverable, even if not admissible at trial, so long as the discovery is reasonably calculated to lead to the discovery of admissible evidence.  Rule 26(b)(1), Fed.R.Civ.P.; <u>Donahay v. Palm Beach Tours & trans., Inc.</u>, 242 F.R.D. 685 (S.D. Fla. 2007). Discoverability of such information is governed by Rule 26, Fed.R.Civ.P., pursuant to which the scope of discovery is broad.  <u>Donahay</u>, supra, at 686, and cases cited therein. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." <u>Id</u>.

Plaintiff's employment and earnings history prior to and after the alleged incidents are relevant to her claimed damages and injuries.  Such information would not only evidence Plaintiff's employment and earning history, but also provide evidence as to how Plaintiff has been able to function in her daily life before, during and after the alleged incidents.  Was she self-sufficient?  Was she able to get out of bed each morning and support herself?  What type of job did she hold?  One's ability to earn a living and be self-supporting has not only a financial component, but also an emotional/psychological/mental component.

C.M.A.'s First Amended Complaint attempts to allege 32 counts.  Counts I through XXX are purportedly brought pursuant to 18 U.S.C. §2255 – *Civil Remedies for Personal Injuries*; Count XXXI is entitled "Sexual Battery," and Count XXXII is entitled "Conspiracy to Commit Tortious Assault only against Defendant, Sarah Kellen."

In her answers to interrogatory nos. 9 and 10, which seek information about C.M.A.'s damages claims, Plaintiff answered that:

> I have bi-polar disorder and manic depression.  I lost my self-esteem.  I began cutting myself on my arms and legs and developed drug problems.  Permanent injuries are psychological.  (Interrog. No. 9).

> I am claiming compensation for mental anguish, mental pain, psychic trauma, and loss of enjoyment of life.  These damages will be evaluated by a jury who will provide their own methods of computation in an amount of at least the statutory minimum established by 18 U.S.C.A. §2255.  (Interrog. No. 10).

> In her 1st Amended Complaint, relevant to her damages claims, Plaintiff alleges:

> … C.M.A., has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages  … .  The then minor Plaintiff incurred medical and psychological expenses … and will in the future suffer additional medical and psychological expenses.  The Plaintiff C.M.A. has suffered loss of income, a

C.M.A. v. Epstein, et al.
Page 11

loss of the capacity to earn income in the future, and a loss of capacity to enjoy life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will continue to suffer these losses in the future.

(1st Am. Complaint, Counts I – XXX (18 U.S.C. §2255), ¶¶25, 31, 37, 43, 49, 55, 61, 67, 73, 79, 85, 91, 97, 103, 109, 115, 121, 127, 133, 139, 145, 151, 157, 163, 169, 175, 181, 187, 193; Count XXXI (Sexual Battery), ¶199.)

In each of her "Wherefore" clauses, Plaintiff seeks "compensatory damages of at least the minimum provided by law."   18 U.S.C. §2255, pursuant to which Plaintiff attempts to bring certain of her claims, allows for recovery of "actual damages."   See fn. 2 herein for applicable statutory text.

As discussed above, C.M.A.'s employment and earnings history will provide direct evidence as to Plaintiff's claimed damages.   Such information does not only go to compensatory or actual damages or loss of income/loss of capacity to earn income type damages, but also her emotional/psychological/mental health type damages.   In the telephone communication between counsel for the respective parties, Plaintiff's counsel indicated that Plaintiff was not seeking loss of income/earning capacity type damages; (Defendant is not aware that there has been any formal withdrawal of such damages claimed); notwithstanding, the information sought is still relevant and discoverable based on the additional damages claimed by Plaintiff.   The time period will allow Defendant to compare how Plaintiff was doing in her life prior to, during, and after the alleged incident.   Again, the type of jobs Plaintiff has been able to hold and her earnings and ability to support herself clearly have not only a financial component, but an emotional/psychological/mental health component as well.   Accordingly, Plaintiff's

C.M.A. v. Epstein, et al.
Page 12

objection is required to be overruled, and Defendant is entitled to the information sought

in the interrogatory.

### Interrogatory No. 18

18.    List separately the names, addresses and phone numbers of all males,
excluding Mr. Epstein, with whom you have had sexual activity since age 10 (by year)
up through your current age.  Describe the nature of sexual activity, the date(s) and
whether you received money or other consideration from the person.

**Answer:**

Objection.  Relevance and overbroad.

### Legal Argument Supporting Entitlement to Discovery

Plaintiff's only objection is relevancy and overbroad, without any factual support

or showing as required by Rule 26(c) and Local Gen. Rule 26.1 H (S.D. Fla. 2008).

Nowhere does C.M.A. explain how such interrogatory is overbroad.

It is well settled that relevant information is discoverable, even if not admissible at

trial, so long as the discovery is reasonably calculated to lead to the discovery of

admissible evidence.   Rule 26(b)(1), Fed.R.Civ.P.; Donahay v. Palm Beach Tours &

trans., Inc., 242 F.R.D. 685 (S.D. Fla. 2007).   Discoverability of an alleged

victim's/plaintiff's sexual conduct or activity in civil cases is governed by Rule 26,

Fed.R.Civ.P., pursuant to which the scope of discovery is broad.  Donahay, supra, at

686, and cases cited therein.  "Parties may obtain discovery regarding any matter, not

privileged, which is relevant to the claims or defense of any party involved in the

pending action."  Id.

In accordance with Rule 26, the discovery sought regarding Plaintiff's sexual

activity with males and the nature thereof, including whether she received any

C.M.A. v. Epstein, et al.
Page 13

compensation or consideration therefore, in interrogatory no. 18,  are all relevant to

Plaintiff's damages claims and the type of injury she claims she has suffered.

Defendant has no other means of obtaining such information and obtaining such

information through Plaintiff will better protect the confidentiality until the Court can

make a determination in accordance with the procedures under Rule 412(c) whether

such information will be admissible at trial.  See Rule 412(c), Fed.R.Civ.P.  Defendant

will agree to an order keeping the confidentiality of the information obtained through

discovery.

        The evidence sought is relevant based on the facts and theories of this action.

C.M.A.'s First Amended Complaint attempts to allege 32 counts. Counts I through XXX

are purportedly brought pursuant to 18 U.S.C. §2255 – *Civil Remedies for Personal*

*Injuries*; Count XXXI is entitled "Sexual Battery," and Count XXXII is entitled

"Conspiracy to Commit Tortious Assault only against Defendant, Sarah Kellen."

        In her answers to interrogatory nos. 9 and 10, which seek information about

C.M.A.'s damages claims, Plaintiff answered that:

> I have bi-polar disorder and manic depression.  I lost my self-esteem.  I began
> cutting myself on my arms and legs and developed drug problems.  Permanent
> injuries are psychological.  (Interrog. No. 9).

> I am claiming compensation for mental anguish, mental pain, psychic trauma,
> and loss of enjoyment of life.  These damages will be evaluated by a jury who
> will provide their own methods of computation in an amount of at least the
> statutory minimum established by 18 U.S.C.A. §2255.  (Interrog. No. 10).

        In her 1st Amended Complaint, relevant to her damages claims, Plaintiff alleges:

> … C.M.A., has in the past suffered, and will in the future suffer, physical injury,
> pain and suffering, emotional distress, psychological trauma, mental anguish,
> humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her

C.M.A. v. Epstein, et al.
Page 14

privacy and other damages  … .  The then minor Plaintiff incurred medical and
psychological expenses … and will in the future suffer additional medical and
psychological expenses.  The Plaintiff C.M.A. has suffered loss of income, a
loss of the capacity to earn income in the future, and a loss of capacity to enjoy
life.   These injuries are permanent in nature and the Plaintiff, C.M.A., will
continue to suffer these losses in the future.

(1st Am. Complaint, Counts I – XXX (18 U.S.C. §2255), ¶¶25, 31, 37, 43, 49, 55,
61, 67, 73, 79, 85, 91, 97, 103, 109, 115, 121, 127, 133, 139, 145, 151, 157,
163, 169, 175, 181, 187, 193; Count XXXI (Sexual Battery), ¶199.)

In each of her "Wherefore" clauses, Plaintiff seeks "compensatory damages of at
least the minimum provided by law."   18 U.S.C. §2255, pursuant to which Plaintiff
attempts to bring certain of her claims, allows for recovery of "actual damages."  See fn.
2 herein for applicable statutory text.

C.M.A. also alleges that Defendant's conduct was "sexual assault and child
abuse of a then minor." ¶2.  She alleges that "beginning in approximately late May or
early June of 2002, and continuing until approximately August of 2003, the Defendant
coerced and enticed the impressionable, vulnerable, and economically deprived then
minor Plaintiff to commit various acts of sexual misconduct." ¶13.

… These acts included, but were not limited to, fondling and inappropriate and
illegal sexual touching of the then minor Plaintiff, sexual misconduct and
masturbation of the Defendant in the presence of the then minor Plaintiff,
soliciting and enticing the then minor Plaintiff to engage in sexual acts with
another female in EPSTEIN's presence, and encouraging the then minor
Plaintiff to become involved in prostitution; Defendant committed numerous
criminal sexual offenses against the then minor Plaintiff including, but not
limited to, sexual battery, solicitation or prostitution, procurement of a minor for
the purpose of prostitution, and lewd and lascivious assaults upon the person of
the then minor plaintiff.  (1st Am. Complaint ¶13).

The information sought is clearly relevant to the injuries and damages claimed by
Plaintiff.  The nature of her claimed injuries and damages are such that Defendant is

C.M.A. v. Epstein, et al.
Page 15

entitled to evidence which would show the nature of her relationship with males, whether she has suffered or engaged in other acts of sexual misconduct or activity as alleged in her complaint, and whether she suffered injury and damages as a result of the other claimed sexual misconduct or activity. See <u>United States v. Bear Stops</u>, 997 F.2d 451 (8th Cir. 1993)(Defendant charged with sexual abuse of six year old boy was entitled to admission of evidence relating to victim's sexual assault by 3 older boys to establish alternative explanation for why victim exhibited behavioral manifestations of sexually abused child.).

In further support of Defendant's motion, a copy of <u>Balas v. Ruzzo</u>, 703 So.2d 1076 (Fla. 5th DCA 1997), rev. denied, 719 So.2d 286 (Fla. 1998), is attached hereto as **Exhibit B** as it is on point to the discovery issues in this action, and the relevancy and discoverability of Plaintiff's history of sexual activity and any payment, therefore. See interrogatories 8, 22 and 30 propounded in the <u>Balas</u> case and footnote 1 herein. [3] Additionally and significantly, in other pending state court civil actions against Defendant EPSTEIN attempting to assert similar claims and damages, the Circuit Court Judges have already ruled that such information is discoverable as it is relevant to the damages claims of Plaintiff. See **Composite Exhibits C and D** hereto. **Composite Exhibit C** are the Orders, dated February 23, 2009, entered in the case of A.C. v. Epstein, and Kellen, Case No. 502008CA025129 MB AI, 15th Judicial Circuit, In and For Palm Beach County, State of Florida, which granted Defendant's motion to compel therein directed

---

[3] In <u>Balas v. Ruzzo</u>, supra, the Plaintiffs alleged a multicount complaint including claims for "coercion of prostitution" pursuant to §796.09, Fla. Stat.; for battery for the unwanted and offensive touching of petitioners' bodies; false imprisonment for physically confining the petitioners against their will; invasion of privacy; and intentional infliction of emotional distress.

C.M.A. v. Epstein, et al.
Page 16

to discovery identical to interrogatory no. 18 above.   (In the A.C. case, the Plaintiff

answered without objection interrogatories identical to nos. 19, 20, and 21 herein.)

**Composite Exhibit D** is a portion the transcript from a March 3, 2009 hearing on

Defendant's motion to compel discovery in the case of Jane Doe II v. Epstein, and

Kellen, Case No. 502008CA020614 MB AF, 15th Judicial Circuit Court, In and For Palm

Beach County, State of Florida.   Again, the Circuit Court Judge determined that the

information sought is relevant to the issue of damages and, thus, discoverable.

Accordingly, Plaintiff's objections are required to be overruled and Defendant is

entitled to the discovery sought.

<u>**Interrogatory No. 23**</u>

23.    State the names, addresses, ages, phone numbers and dates of all
females whom you claim were brought by you to Mr. Epstein's home to give him a
massage or for any other reason.   As to each female, state the amount of money you
claim you were paid to bring each female.

**Answer:**

A.L.   Age: 22
West Palm Beach, FL
I was paid $100.00

<u>**Legal Argument Supporting Entitlement to Discovery**</u>

Counsel for the respective parties also discussed this interrogatory in an effort to

come to a resolution.   Plaintiff does not object to the discovery requested.   Plaintiff's

counsel indicated that he had a "problem" disclosing the identity of A.L. to the extent

she was a minor at the time.   Defendant would agree to an order protecting public

disclosure of the true identity of A.L. if she were indeed a minor at the time; however, as

part of the order, Plaintiff should also be required to provide Defendant with the full

C.M.A. v. Epstein, et al.
Page 17

name of A.L. so that Defendant may conduct meaningful discovery.  It is Plaintiff who

claims she brought A.L. to Epstein's home as part of the alleged "scheme."  In addition,

Plaintiff failed to provide any date or dates as to when she brought A.L. to Epstein's

home.  Plaintiff's counsel indicated they would attempt to provide this information.

Accordingly, in granting Defendant's motion to compel discovery, with respect t

this interrogatory, Plaintiff should be required to provide the full name of A.L. (which

Defendant agrees to keep confidential at this time), the date or dates which she brought

A.L. or any female to Epstein's home, and how much she was allegedly paid each time.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to

compel and award Defendant's reasonable expenses, including attorney's fees,

associated with this motion.

### Rule 7.1 Certification

I hereby certify that counsel for the respective parties communicated by

telephone in a good faith effort to resolve the discovery issues prior to the filing of this

motion to compel.  Some of the issues were resolved or in the process of being

resolved.

_____
Robert D. Critton, Jr.
Attorney for Defendant Epstein

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with
the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being
served this day on all counsel of record identified on the following  Service List in the
manner specified by CM/ECF on this ___ day of April, 2009

C.M.A. v. Epstein, et al.
Page 18

Richard Horace Willits, Esq.
Richard H. Willits, P.A.
2290 10th Avenue North
Suite 404
Lake Worth, FL 33461
561-582-7600
Fax: 561-588-8819
*Counsel for Plaintiff C.M.A.*
reelrhw@hotmail.com

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy   Denney   Scarola   Barnhart   &
Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
561-686-6300
Fax:  561-383-9424
jsx@searcylaw.com
jph@searcylaw.com
*Co-Counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Counsel for Defendant Jeffrey Epstein*

Bruce Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 S. Australian Avenue
Suite 1400
West Palm Beach, FL 33401
561-202-6360
Fax:  561-828-0983
ecf@brucereinhartlaw.com
*Counsel for Defendant Sarah Kellen*

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No.  224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
561/842-2820 Phone
561/515-3148 Fax
*(Counsel for Defendant Jeffrey Epstein)*