UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80811-CIV-MARRA/JOHNSON

C.M.A.,

    Plaintiff,

v.

JEFFREY EPSTEIN and
SARAH KELLEN,

    Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant Jeffrey Epstein's Motion to Dismiss First Amended Complaint for Failure to State a Cause of Action, and Motion for More Definite Statement; Motion to Strike (DE 47). The motion is fully briefed and ripe for review. The Court has carefully reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

On July 21, 2008, Plaintiff filed her Complaint against Defendants (DE 1), which was replaced on February 2, 2009 by an Amended Complaint (DE 40). Plaintiff brings suit alleging Counts I-XXX - Cause of Action Pursuant to 18 U.S.C. § 2255 against Defendant Epstein; Count XXXI - Sexual Battery against Defendant Epstein; and Count XXXII - Conspiracy to Commit Tortious Assault Against Defendant Sarah Kellen.

1

The facts, as alleged in the Amended Complaint, are as follows:  At all relevant times, Defendant was an adult male, born in 1953. Compl. ¶ 5.  Defendant has demonstrated a sexual preference and obsession for minor girls. Compl. ¶ 9.  Defendant engaged in a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls and/or coerced them to engage in prostitution, and in return gave them money. Compl. ¶ 10.  The then minor Plaintiff and other minor girls were brought to Defendant's residence by Defendant's employees and assistants. Compl. ¶ 10.  When the employees and assistants left the minor alone in a room at Defendant's mansion, Defendant would appear, remove his clothing, and direct Plaintiff to remove her clothing.  Compl. ¶ 10.  He would then perform one or more lewd, lascivious, and sexual acts, including, but not limited to, masturbation, touching of Plaintiff's breasts and buttock, and solicitation and enticement of Plaintiff to engage in sexual acts with another female in Defendant's presence.  Compl. ¶ 10.  Defendant used his resources and his influence over a vulnerable minor child to engage in a systematic pattern of sexually exploitive behavior.  Compl. ¶ 12.

In or about late May or early June of 2002, Plaintiff, then fifteen years old, was first brought to Defendant's mansion.  Compl. ¶ 11.  Beginning in approximately late May or early June of 2002, and continuing until approximately August of 2003, Defendant coerced and enticed Plaintiff to commit various acts of sexual misconduct.  Compl. ¶ 13.  These acts occurred, on average, one to three times per week from late May or early June of 2002 until August of 2003. Compl. ¶ 13.  At a minimum, these acts occurred twice a month from June 2002 until August of 2003.  Compl. ¶ 13.

It is alleged that the acts Defendant committed against Plaintiff violated numerous

criminal State and Federal statutes condemning sexual exploitation of minor children, prostitution, sexual performance by a child, lewd and lascivious assaults, sexual battery, contributing to the delinquency of a minor and other crimes, including, but not limited to, those crimes designated in 18 U.S.C. §§ 2241, 2242, 2243, 2421, and 2423, criminal offenses outlined in Chapter 800 of the Federal Codes, as well as those designated in Florida Statutes §§ 796.03, 796.07, 796.045, 796.04, 39.01, and 827.04.  Compl. ¶ 15.  Defendant, at all material times, knew and should have known of Plaintiff's minority.  Compl. ¶ 16.

In June 2008, in the Fifteenth Judicial Circuit in Palm Beach County, Florida, Defendant entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purpose of prostitution.  Compl. ¶ 17.  As a condition of that plea, and in exchange for the Federal Government not prosecuting Defendant for numerous federal offenses, Defendant additionally entered into an agreement with the Federal Government which provides, in relevant part:

> Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less.

Compl. ¶ 19.

In Count I - Cause of Action Pursuant to 18 U.S.C. § 2255, Plaintiff alleges as follows: In late May or early June of 2002, Plaintiff was brought to Defendant's residence by her female

3

friend. Compl. ¶ 21.  Plaintiff sat on the couch while the female friend took off her own clothes, mounted Defendant who was wearing only a towel and lying on a table, and performed a sexual act upon Defendant in the presence of Plaintiff. Compl. ¶ 21. In exchange for <u>her participation as an observer</u>[1], Plaintiff was paid $300 by Defendant. Compl. ¶ 21.

In Count II, Plaintiff alleges that, appproximately one week after the first incident, Plaintiff received a telephone call from Defendant requesting that she return to his residence. Compl. ¶ 27. On this occasion, <u>Defendant directed Plaintiff to undress to her brassiere and underwear and to provide him with a massage</u>. Compl. ¶ 27. <u>At the conclusion of the massage, Defendant masturbated himself in Plaintiff's presence</u>. Compl. ¶ 27. Defendant paid Plaintiff $300 for this encounter. Compl. ¶ 27.

In Count III, Plaintiff alleges that, in July of 2002, Plaintiff again returned to Defendant's residence at his request. Compl. ¶ 33. On this occasion, <u>Defendant directed Plaintiff to undress to her underwear</u> and to provide him with a massage. Compl. ¶ 33. At the conclusion of the massage, Defendant masturbated himself in Plaintiff's presence. Compl. ¶ 33. Defendant paid Plaintiff in excess of $200 for this encounter. Compl. ¶ 33.

In Count IV, Plaintiff alleges that, for a second time in July of 2002, Plaintiff returned to Defendant's residence at his request. Compl. ¶ 39. <u>Defendant directed Plaintiff to fully undress</u> and to provide him with a massage. Compl. ¶ 39. <u>Defendant fondled the breasts and the buttocks of Plaintiff</u>. Compl. ¶ 39. At the conclusion of the massage, Defendant masturbated himself in Plaintiff's presence. Compl. ¶ 39. Defendant paid Plaintiff in excess of $200 for this encounter. Compl. ¶ 39.

---

[1] The underlining serves to highlight differences in the allegations in the first four counts.

In Counts V-XXX - Causes of Action Pursuant to 18 U.S.C. § 2255, Plaintiff alleges twenty-six additional encounters of sexual nature between Plaintiff and Defendant, similar to the allegations in Count IV, occurring on separate dates at Defendant's residence during the period of August of 2002 through August of 2003.  Compl. ¶ 44-199.

In Count XXXI - Sexual Battery against Defendant Epstein, Plaintiff alleges that between late May or early June of 2002 and August of 2003, Defendant engaged in dozens of illegal and depraved sexual acts against Plaintiff. Compl. ¶ 201.  Defendant intentionally inflicted harmful and/or offensive contact on Plaintiff. Compl. ¶ 202.  Defendant's commission of sexual battery upon Plaintiff was done willfully and maliciously. Compl. ¶ 203.  As a direct and proximate result of Defendant's battery on Plaintiff, she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages. Compl. ¶ 204.

Defendant argues in his motion to dismiss that Counts I - XXX of the Complaint, causes of action pursuant to 18 U.S.C. § 2255,  must be dismissed because Plaintiff can seek damages under this statute only one time per victim, not per incident.  Defendant also argues that Counts I - XXX should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to allege a violation of the requisite predicate act as identified in 18 U.S.C. § 2255.  Lastly, Defendant contends that Count XXXI, sexual battery, should be dismissed for failure to state a cause of action because (1) Plaintiff has failed to allege the requisite elements of the claim; (2) Plaintiff fails to sufficiently allege whether the claim is being brought pursuant to common or statutory law; and (3) Count XXX reincorporates in their entirety Counts I-XXX.

Plaintiff responds that the Court should deny the motion because the pleadings at issue

provide Defendant with sufficient notice of the underlying factual bases for the claims raised in the thirty-one counts.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

Counts I - XXX - Cause of Action Pursuant to 18 U.S.C. § 2255

Counts I-XXX allege causes of action pursuant to 18 U.S.C. § 2255 against Defendant Epstein. Compl. ¶ 1-199. The parties devote a great deal of attention to the issue of whether Plaintiff can recover damages under 18 U.S.C. § 2255 per violation or only one time per victim regardless of the number of violations. However, as the Court stated in a previous Order in this case, "[i]ssues regarding the minimum amount of damages available to Plaintiff under 18 U.S.C. § 2255 do not affect whether Plaintiff has stated a claim and are not appropriate for a motion to dismiss. These damages issues will be resolved at summary judgment or trial." See DE 101, entered May 29, 2009. Defendant also argues that Plaintiff cannot seek punitive damages under her claims pursuant to 18 U.S.C. § 2255. The Court notes that Plaintiff is not precluded from seeking punitive damages under her common law claim for the tort of sexual battery. As punitive damages are available to Plaintiff and she is seeking them, see Count XXXI, the Court need not determine at this time whether Plaintiff can seek punitive damages under her statutory claims as well.

Defendant also argues that Counts I - XXX should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to allege a violation of the requisite predicate act as

identified in 18 U.S.C. § 2255.  Plaintiff agrees that she should re-plead Counts I through XXX to address the Court's concerns as stated in prior Orders in Jane Doe Nos. 1-6 v. Epstein that the pleadings were ambiguous as to the complaint's identification of the requisite predicate act.  Plaintiff requests the Court authorize Plaintiff to so amend to specifically identify any predicate act upon which she relies in advancing the claim under 18 U.S.C. § 2255.  Plaintiff shall be permitted to amend her complaint accordingly.

Count XXXI - Sexual Battery against Defendant Epstein

Lastly, Defendant contends that Count XXXI, sexual battery, should be dismissed for failure to state a cause of action because (1) Plaintiff has failed to allege the requisite elements of the claim; (2) Plaintiff fails to sufficiently allege whether the claim is being brought pursuant to common or statutory law; and (3) Count XXXI reincorporates in their entirety Counts I-XXX.

Upon review of the Complaint, the Court finds that Count XXXI adequately pleads a common law cause of action for sexual battery. See Compl. ¶ 200-204.  "A battery is defined as an unlawful touching or striking or the use of force against the person of another with the intention of bringing about a harmful or offensive contact or apprehension thereof." McDonald v. Ford, 223 So.2d 553, 555 (Fla. 2nd DCA 1969), quoting 3 Fla.Jur., Assault and Battery, § 3.  A battery consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent.  Paul v. Holbrook, 696 So.2d 1311, 1312 (Fla. 5th DCA 1997); Sullivan v. Atlantic Fed. Sav. & Loan Ass'n, 454 So.2d 52, 54 (Fla. 4th DCA 1984), review denied, 461 So.2d 116 (Fla.1985).  Here, in addition to the earlier-pled allegations incorporated by reference alleging dozens of incidents of unlawful, harmful, and offensive contact inflicted by Defendant upon Plaintiff, Plaintiff also alleges that

Defendant intentionally inflicted the harmful and/or offensive contact upon Plaintiff and that it was done willfully and maliciously. Compl. ¶ 202-203. Plaintiff has alleged the requisite elements of the common law tort claim.

Nonetheless, Defendant is correct that Plaintiff's incorporation of all prior paragraphs 1-199 into Count XXXI is overinclusive. Accordingly, Plaintiff shall re-plead Count XXXI to incorporate only the prior paragraphs which specifically relate to Plaintiff's common law sexual battery claim and not to incorporate those prior paragraphs which relate to other statutory claims.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows: Defendant Jeffrey Epstein's Motion to Dismiss First Amended Complaint for Failure to State a Cause of Action, and Motion for More Definite Statement; Motion to Strike (DE 47) is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff is authorized to amend Counts I - XXX of her complaint to specifically plead any predicate act upon which she relies in advancing the claim under 18 U.S.C. § 2255. Additionally, Plaintiff shall re-plead Count XXXI, sexual battery, to incorporate only the prior paragraphs which specifically relate to Plaintiff's common law sexual battery claim and not to include those prior paragraphs which relate to other statutory claims. The remainder of Defendant's Motion is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of December, 2009.

Copies furnished to:
all counsel of record

KENNETH A. MARRA
United States District Judge